[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 184
Honorable Harold Reisch State Representative, District 110 1013 Falcon Drive Columbia, Missouri 65201
Dear Representative Reisch:
This letter is in response to your request for the opinion of this office on the following questions:
 "Is there a conflict of interest for a member of the Missouri State Council on the Arts to vote on the allocation of funds for applicants while at the same time serving as a representative or as a member of board of said applicant?
 "If the answer to question 1 is yes, should the member of the Missouri State Council on the Arts disqualify himself or herself from deliberating on allocations of funds to such applicant and/or disqualify himself or herself from voting on the allocation?"
Section 105.490, RSMo 1969, provides in pertinent part:
 "No officer . . . of an agency shall transact any business in his official capacity with any business entity of which he is an officer, agent or member or in which he owns a substantial interest; . . ."
Section 105.450 (2)(4), defines the terms "business entity" and "substantial interest" as follows:
 "`Business entity', a corporation, association, firm, partnership, proprietorship, or business entity of any kind or character;"
* * *
 "`Substantial interest', ownership by the individual, or his spouse, directly or indirectly, of ten percent or more of any business entity, or of an interest having a value of ten thousand dollars or more, or the receipt by an individual or his spouse of a salary, gratuity, or other compensation or remuneration of six thousand dollars, or more, per year from any individual, partnership, organization, or association;"
As can be seen, the definition of business entity makes no distinction between "profit" and "not-for-profit" corporations and associations. If a member of the Missouri Council on the Arts serves as a director, officer or agent, or otherwise has a "substantial interest" in an entity which is contracting with the Council, the member, under the provisions of Section 105.490, RSMo 1969, may not act on behalf of, or for, the Council with respect to this transaction. Under the terms of that section not only would a member of the Missouri Council on the Arts be disqualified from voting on the transaction, the member would also be disqualified from participating in any deliberations of the Council with respect to such transaction.
Very truly yours,
 JOHN C. DANFORTH Attorney General